So I'll move to our last case Collins v. Village of Palatine. Mr. Murphy Good morning, Your Honors. May it please the court? Palatine asked the District Court to do one thing. That was dismiss Michael Collins complaint based on the statute of limitations. What the District Court did... You want to raise that up a little bit? No, no, you don't have to raise that. If you reach underneath there, there's a little button on the other side. And if you push it, the thing will raise. Magically. If you're pushing the right button. Maybe it's this one. We haven't had an electric fader, have we, lad? That works, sir. This is the maximum. It's up as high as it goes? Yes. Then lean into it. You're a big man. Good morning, Your Honors. Martin Murphy. Palatine asked the District Court judge to do one thing, and that was to dismiss Michael Collins complaint based on the statute of limitations. What the District Court did was, it dismissed Michael Collins complaint based on the statute of limitations. It dismissed the putative classes claims without any stating any reasons why. And after it ordered, it said it was going to stay any decision on the motion for class certification. It ruled on it anyway. Palatine had asked the court to either strike the motion for class certification without prejudice, to be filed later, because they didn't want the court ruling on class certification until after it ruled on its statute of limitations argument, or alternatively, to just stay it and decide the merits of the statute of limitations argument first. So the court obliged and entered order and basically halted any briefing on the motion for class certification, and just wanted to rule on the one motion, but then its order, of course, knocked out everything. It knocked out the class claims. It knocked out the motion for class certification without stating any reason why or any Rule 23 analysis. And then the tolling issue. Now on the tolling issue that he knocked out Collins complaint on, that's also erroneous. The District Court has never ruled. This is, of course, a continuation of the Senate case, Senate v. Village of Palatine. Senate filed the class action. The District Court, within three weeks, dismissed the complaint saying it didn't state a cause of action. The case came up. A panel... When the Supreme Court denied cert, wasn't that the end of that litigation? That was the end of it for Senate, but not everybody else, because the court had only entered summary judgment against Senate. Then you don't ever have... Then tolling never ends. Well, it ends once you rule on class certification. You either deny it or grant it, but the court keeps putting off... In Senate, we had argued, we'd briefed, argued. The court took the motion for class certification under advisement, and then told Palatine, why don't you file a motion for summary judgment against Senate? They did that, and then the court then entered summary judgments against Senate, and then said, oh, yeah, the motion for class certification is terminated as moot. Well, it's not moot, as this court said in Weissmuller. The motion isn't moot for class certification because, you know, the other plaintiff's claims aren't moot. You know, even if Senny couldn't press his claim under the court's reasoning, the other plaintiffs could certainly try to press their claim. So that was... Well, is this just a repetition of the Senn case? It's a continuation of the Senn case, absolutely. It's a continuation of the Senn case. But after the Supreme Court denied cert, it's still going on. Well, what happened in Senn is... Obviously, the en banc court entered its decision and said, okay, there are two things that have to happen for disclosure to be permitted. One, it has to be one of the listed disclosures, and two, all the information disclosed has to actually be used. The panel changed that, then the subsequent panel changed that, and said, no, it doesn't actually have to be used. It can be... They just have to have a reason, a basic state, a permitted purpose for disclosing the information. But that changed everything because that wasn't the standard that Palatine moved for summary judgment under. They moved under the en banc court's decision. Had... If we go back in, the argument, of course, would be, yeah, the police chief listed all these reasons. We didn't fight them in the Senny case because it didn't matter because they didn't use the information in Senny's case. And we can go back and prove that actually what the police chief said was wrong. They don't use it for any of that information. They never have. We've got thousands of pages of documents that prove they've never used it for the reasons that he said they used it. So we can actually beat it, but we didn't fight that on the summary judgment because it wasn't pertinent to the issue. So I still think it's a very winnable case, and I don't think the statute of limitations runs on a case while it's still running. I mean, you file a case with three days left in the statute of limitations, and the district court rules against you. The statute doesn't run. You can still appeal. I mean, American Pipe. There was three days left when the party sought to intervene. The judge said you can't intervene. The statute of limitations didn't run while they were on appeal. In the recent case of Campbell Ewald versus Gomez, in that case, Gomez filed with a few months left on the statute of limitations. The court dismissed his complaint. He appealed, went to the Supreme Court. Now, that case would have been moved under Palatine's argument because the court didn't deny class certification. It didn't rule on the motion for class certification. So I think in order for the clock to start, the court has to at least rule on class certification and say, yes, this case may go forward as a class or it may not go forward as a class. But that, I think, is what starts the clock and not the dismissal of the complaint because it's still alive, as you said in Weiss, it's still, the district court doesn't have the final word on whether a case goes forward or not. That's really, you know, the Court of Appeals can certainly reverse. So to say the statute of limitations that this court has to rule within a day because it was only one day left in the statute, well, that's crazy. You wouldn't do that. And it would also be crazy for anybody to file a complaint after this court said, or the district court said that the complaint didn't state a cause of action. Why would somebody come forward? It would just get dismissed based on the ruling in Sunny. So everybody had to kind of wait and see what happened with Sunny. And again, it was affirmed by a panel and then reversed en banc. So, you know, nobody would follow then. And then the second part was, you know, the judgment against Sunny was only summary judgment against him. It wasn't, there was no discussion of the class. So that, again, the Sunny decision may not even have been a final judgment to begin with because the court didn't rule on the class claims and it didn't rule on the motion for class certification. But I'm not arguing that. I'm really arguing just the tolling issue and whether or not there's tolling. And tolling begins once the clock can restart, either when the court declines to certify class, then it can start, or under like the McDonald case now, there the court declined to certify class. Three years later, when the plaintiff wasn't going to appeal the denial of class certification, McDonald stepped forward. It was a Rosa Romasanto case, and then Romasanto wasn't going to proceed on her appeal. So McDonald picked up and said, can I intervene for the purposes of taking an appeal? And this court said yes, and it reversed the class certification denial, and then the Supreme Court then affirmed this court's decision. So in that case, again, the statute of limitations would have run long before because the court had denied the motion for class certification in  1975, the case was finally ended. So three years after the court declined to certify, three years later, she was then allowed to intervene. So I think the court's clearly wrong on the tolling issue, and for that reason I'd ask that the court reverse. So I'll just save the remainder of my time for rebuttal if there's any questions. Okay, well, thank you. Thank you very much. Mr. Lamley? May it please the court, Brandon Lamley on behalf of the Atholete Court of Appellate Finance. You know, the issues in this case are really well suited for a civil procedure case. I mean, we're dealing with issues that are clear, issues that have been well settled, and quite frankly, issues that really have no factual involvement. There's no variation based on the specific facts of the case. Under American Pipe, the rule in American Pipe, it's quite clear, the filing of a class complaint tolls the statute of limitations or pauses the statute of limitations for potential class members. But, you know, even American Pipe made clear that tolling does not last forever. In that case, the complaint was filed 11 days before the statute of limitations had run, and once the court declined to treat the case further as a class action, the Supreme Court was clear. They had 11 days left to either intervene or file their own complaints. The claimants in that case sought to intervene. When the court denied them the opportunity to intervene, they appealed. Their intervention, their motion to intervene, was the functional equivalent in that case of having filed a separate complaint. So the question here is quite simple. Does the statute of limitations resume when a class complaint is dismissed, or does it stay paused, tolled, until there's no possibility of a further appeal? We've exhaustively looked at the precedent in this case. Every circuit, including the Seventh Circuit, has already held that tolling stops and the statute of limitations resumes upon the dismissal of a class complaint, and that there is no tolling on appeal. Now, the In Re Copper antitrust litigation is the case that we could find in the Seventh Circuit that's most directly on point. You know, when I read some of my opponents' brief, I believe that there's some confusion as to which portion of that case we're citing because it was a consolidated appeal. The analysis that's at issue is entirely contained on page 793 of the opinion, and Judge Wood, writing on behalf of the unanimous panel of the case, held quite clearly that the issue was whether the statute of limitations resumed upon the dismissal with prejudice of the underlying class complaint, and held that it did, and further held that there was no entitlement to tolling during the subsequent appeal. Now, in this case, and maybe we should just talk about the facts here, Mr. Collins received a parking ticket in 2007, so we're talking about a decade ago, he gets a parking ticket. He didn't do anything. He had a four-year statute of limitations under the Driver's Privacy Protection Act, the DPPA. He didn't do anything with regards to that ticket for over three years. When he had nine months left on the statute of limitations, another lawsuit was filed. This is the Senny v. Village of Palatine case. So, it is clear, and we are not disputing, in fact, we agree, under American Pipe, the filing of Senny, class complaint, tolled or paused the statute of limitations for Mr. Collins. However, that tolling was extremely short-lived. Counsel says the district court judge dismissed that complaint within three weeks. It was actually 26 days, but functionally three weeks. At that point in time, under the applicable case law, the statute of limitations that applied to Mr. Collins' claim was no longer being tolled, was no longer paused. It was resumed. The fact that Mr. Senny appealed did not change the statute of limitations analysis as for Mr. Collins. Now, the only way that Mr. Collins can avoid the statute of limitations, I mean, he is, his statute of limitations, even accounting for tolling, expired in the summer of 2011. He filed this lawsuit in 2016. The only possible way he can claim that he is entitled and that his claim is not time-barred is if he was able to take advantage of tolling from the moment that the Senny complaint was filed until the moment that the U.S. Supreme Court refused to hear the case in, I believe it was November of 2015. Mr. Collins has argued that he's entitled to take further advantage of tolling from the fact that Mr. Murphy had filed another class action on his own behalf. This is the Murphy versus the Village Palatine case because Mr. Murphy received an identical parking ticket in 2010. So, you know, short of having tolling from the beginning of Senny to the end, there's simply no way that Mr. Collins' claim is going to pass on the statute of limitations. You know, some of the arguments that are being advanced by the appellant, I'm not sure that I fully understand the exact nature of them. For example, there's some arguments that are being raised with regards to mootness and whether or not a moot on appeal. Now, as I understand, the thrust of the argument is he's arguing about the way the district court judge terminated a motion for class certification. And the district court judge in Senny, when it granted summary judgment, said the motion for class certification is terminated as moot. Now, from that, Mr. Murphy has been arguing that there's some argument that all of the claims of the class members are moot. And he's attempting to compare his case to that of the Weissmuller case in which there we were dealing with the intervention of a class member on appeal due to the mootness of a claim on appeal. But really what we're talking about is the mootness of a motion, not the mootness of an individual's claim. The district court has never held that the claims of the class members themselves were moot by virtue of granting summary judgment. He simply held that their motion, that the motion for class certification was moot. Now, with regard, going back to the statute of limitations argument, this is not an issue for which there's much disagreement among the courts. We've looked at the courts. The Seventh Circuit has clearly held on at least three to four occasions that the dismissal of a class complaint ends the tolling benefit by virtue of the under American pipe. And in recopper antitrust, Hemingway versus Peabody Cole, both of the Seventh Circuit, as well as courts from the Second, Third, Fifth, Sixth, Eleventh, and Federal Circuit, all hold that there is no tolling on a subsequent appeal once the statute of limitations continues. Simply stated, the law is clear. The facts are clear. This is a case that is easily decided, and as I said, is a prime candidate perhaps for a civil procedure case book. With regard to the McDonald versus United Airlines case going back, where it stands for the proposition that a class member has leave to intervene to appeal the class certification denial within the 30 days after judgment. So, counsel has cited the Romasanto case, initially cited to that case for this proposition in his reply brief. You know, if you look at the case, and if you read the case, in footnote, I believe it's footnote six of that opinion, it makes it very clear that the court is not even applying the American pipe analysis and says we're relying on a different body of case law with regards to the tolling aspect. So, unless the court has any questions, for the reasons that we've stated here, the reasons we stated in our brief, we ask that you affirm the decision below. Thank you. Thank you, Mr. Lumley. Mr. Murphy? I would certainly challenge Mr. Lumley's argument that the courts have ruled that a dismissal would, that the statute of limitations would resume on a dismissal. There isn't one case he cited that does that. In re copper, the court had, first of all, that was a state, that was a decision whether a state case filed under state law tolls the statute of limitations for a federal, a subsequent federal case in federal court. What's your view when tolling ends? Tolling, I believe that tolling ends when the court says that this case cannot go forward as a class action, when it rules on a motion for class certification and says it can't go forward anymore. Otherwise, you stand in the shoes of the class representative. Otherwise, you've got people filing the economies, the promotion of efficiency and economies in litigation aren't met when you have people rushing to the court every time a district court makes a decision. I mean, this case is the fourth time this case has been in this Court of Appeals. If every time that happened, you've got, you know, a thousand people come in and file a complaint saying, oh, I want to preserve my place in line here. I don't want this case to go away. Well, then where's the promotion of economy and efficiencies? There isn't any. So again, I challenge you to look for one case that he cited that supports his proposition where they hadn't already ruled on a motion for class certification because it doesn't exist. I've looked for it. And the cases, as I said, Enrique Hopper, Cronkore Conceal, Sawyer v. Atlas, all those cases all say the same thing, which is basically the statute of limitations. When you decide to take a case and adjudicate it piecemeal, this is what's going to happen. You lose that preclusive effect that you want by attacking the case piecemeal. Palatine is vehemently opposed to the court even ruling on class certification. When I would think that it would want that, you know, given the court's prior rulings, let's try to move this case along. And they're not doing that. They keep trying to stall it and then say, hey, this case shouldn't be stalled forever. Well, you're the reason it's stalled forever, Palatine. You're causing this delay because you're doing all these piecemeal. You're moving for summary judgment against one person. You're moving to dismiss one person. You're trying to attack everybody one plaintiff at a time instead of attacking the case head-on. So again, I would ask the court to do it and also ask the court to consider Bill 36.